**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Zeus Apolo GUZMAN–AGUILAR,
Defendant–Appellant.**

**No. 15–30019.**

United States Court of Appeals,
Ninth Circuit.

Submitted Oct. 14, 2015.*

Filed Oct. 19, 2015.

Byron Chatfield, Assistant U.S., Office of the U.S. Attorney, Medford, OR, Kelly A. Zusman, Assistant U.S., Office of the U.S. Attorney, Portland, OR, for Plaintiff–Appellee.

Tonia Louise Moro, Tonia L. Moro Attorney at Law PC, Medford, OR, for Defendant–Appellant.

---

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Before: SILVERMAN, BYBEE, and WATFORD, Circuit Judges.

MEMORANDUM **

Zeus Apolo Guzman–Aguilar appeals from the district court's judgment and challenges the 57–month sentence imposed following his guilty-plea conviction for illegal reentry, in violation of 8 U.S.C. § 1326. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Guzman–Aguilar first argues that the district court procedurally erred by failing to address his mitigating arguments and discuss its application of the 18 U.S.C. § 3553(a) sentencing factors. We review for plain error, *see United States v. Valencia–Barragan,* 608 F.3d 1103, 1108 (9th Cir.2010), and find none. The record reflects that the district court addressed Guzman–Aguilar's arguments and explained that the sentence was appropriate in light of the applicable sentencing factors. *See United States v. Amezcua–Vasquez,* 567 F.3d 1050, 1053–54 (9th Cir. 2009).

Next, Guzman–Aguilar asserts that his sentence is substantively unreasonable, referencing the "alternative" Guidelines range that would have applied had his reentry offense and his recent state drug-trafficking offense been prosecuted together in federal court. We review a claim that a sentence is substantively unreasonable for abuse of discretion. *See Gall v. United States,* 552 U.S. 38, 51, 128 S.Ct. 586, 169 L.Ed.2d 445 (2007). In light of Guzman–Aguilar's criminal and immigration history, the court did not abuse its

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

discretion in imposing a low-end sentence of 57 months. *See id.*

**AFFIRMED.**

Before: SILVERMAN, BYBEE, and WATFORD, Circuit Judges.

---

\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.